# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LED TECH DEVELOPMENT, LLC,  Plaintiff  v.  FUJITSU AMERICA, INC.; FUJITSU LTD.  Defendants. | Case No.  JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff LED Tech Development, LLC ("LED Tech") alleges as follows:

### PARTIES

1.      LED Tech is a Delaware limited liability company with a principal place of business located at 719 West Front St., Suite 242, Tyler, Texas 75702.

2.      On information and belief, Defendant Fujitsu America, Inc. is a California corporation with a principal place of business at 1250 East Arques Avenue, Sunnyvale, California 94085.  On information and belief, Fujitsu America, Inc. may be served through its agent for service of process CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

3.      On information and belief, Defendant Fujitsu Ltd. is a Japanese company with a principal place of business at Shiodome City Center, 1-5-2 Higashi-Shimbashi, Minato-Ku, Tokyo 105-7123, Japan.  Fujitsu America, Inc. and Fujitsu Ltd. will be referred to herein individually and collectively as the "Fujitsu Defendants."

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant Fujitsu America, Inc. because Fujitsu America, Inc. has established minimum contacts with the forum state of Delaware. Defendant, directly and/or through third-party manufacturers, manufacture or assemble products that are and have been offered for sale, sold, purchased, and used within the state of Delaware. In addition, Defendant, directly and/or through its distribution networks, regularly place their products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Delaware. Thus, Defendant has purposefully availed itself of the benefits of the state of Delaware and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

6. This Court has personal jurisdiction over Defendant Fujitsu Ltd. because Fujitsu Ltd. has established minimum contacts with the forum state of Delaware. Defendant, directly and/or through third-party manufacturers, manufacture or assemble products that are and have been offered for sale, sold, purchased, and used within the state of Delaware. In addition, Defendant, directly and/or through its distribution networks, regularly place their products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Delaware. Thus, Defendant has purposefully availed itself of the benefits of the state of Delaware and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b) because Defendants are subject to personal jurisdiction in this District and have committed acts of patent infringement in this District.

**FACTUAL BACKGROUND**

8. LED Tech is the owner by assignment of U.S. Patent No. 6,095,661 (the "'661 patent"). The '661 patent is entitled "Method and Apparatus for an L.E.D. Flashlight." The '661 patent issued on August 1, 2000. A true and correct copy of the '661 patent is attached hereto as Exhibit A.

9. LED Tech is the owner by assignment of U.S. Patent No. 7,393,119 (the "'119 patent"). The '119 patent is entitled "Method and Apparatus for Constant Light Output Pulsed L.E.D. Illumination." The '119 patent issued on July 1, 2008. A true and correct copy of the '119 patent is attached hereto as Exhibit B.

10. LED Tech is the owner by assignment of U.S. Patent No. 6,808,287 (the "'287 patent"). The '287 patent is entitled "Method and Apparatus for a Pulsed L.E.D. Illumination Source." The '287 patent issued on October 26, 2004. A true and correct copy of the '287 patent is attached hereto as Exhibit C.

**COUNT I**
**(Infringement of U.S. Patent No. 6,095,661)**

11. The Fujitsu Defendants have been and still are infringing at least claims 21 and 22 of the '661 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing, without license or authority, products utilizing pulse-width modulation signals to drive light-emitting diodes, including, but not limited to, their Lifebook T900 Notebook computer and Slate Stylistic Q550 tablet.

12. To the extent that facts learned in discovery show that the Fujitsu Defendants' infringement of the '661 patent is or has been willful, LED Tech reserves the right to request such a finding at the time of trial.

13. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '661 patent.

14.     As a result of the Fujitsu Defendants' infringement of the '661 patent, LED Tech has suffered monetary damages in an amount adequate to compensate for the Fujitsu Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by the Fujitsu Defendants, together with interest and costs as fixed by the Court, and LED Tech will continue to suffer damages in the future unless the Fujitsu Defendants' infringing activities are enjoined by this Court.

15.     Unless a permanent injunction is issued enjoining the Fujitsu Defendants and their agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '661 patent, LED Tech will be greatly and irreparably harmed.

### COUNT II
### (Infringement of U.S. Patent No. 7,393,119)

16.     The Fujitsu Defendants have been and still are infringing at least claims 1 and 11 of the '119 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing, without license or authority, products utilizing pulse-width modulation signals to drive light-emitting diodes, including, but not limited to, their Lifebook T900 Notebook computer and Slate Stylistic Q550 tablet.

17.     To the extent that facts learned in discovery show that the Fujitsu Defendants' infringement of the '119 patent is or has been willful, LED Tech reserves the right to request such a finding at the time of trial.

18.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '119 patent.

19.     As a result of the Fujitsu Defendants' infringement of the '119 patent, LED Tech has suffered monetary damages in an amount adequate to compensate for the Fujitsu Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by the Fujitsu Defendants, together with interest and costs as

fixed by the Court, and LED Tech will continue to suffer damages in the future unless the Fujitsu Defendants' infringing activities are enjoined by this Court.

20.     Unless a permanent injunction is issued enjoining the Fujitsu Defendants and their agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '119 patent, LED Tech will be greatly and irreparably harmed.

**COUNT III**
**(Infringement of U.S. Patent No. 6,808,287)**

21.     The Fujitsu Defendants have been and still are infringing at least claim 1 of the '287 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing, without license or authority, products utilizing pulse-width modulation signals to drive light-emitting diodes, including, but not limited to, their Lifebook T900 Notebook computer and Slate Stylistic Q550 tablet.

22.     To the extent that facts learned in discovery show that the Fujitsu Defendants' infringement of the '287 patent is or has been willful, LED Tech reserves the right to request such a finding at the time of trial.

23.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '287 patent.

24.     As a result of the Fujitsu Defendants' infringement of the '287 patent, LED Tech has suffered monetary damages in an amount adequate to compensate for the Fujitsu Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by the Fujitsu Defendants, together with interest and costs as fixed by the Court, and LED Tech will continue to suffer damages in the future unless the Fujitsu Defendants' infringing activities are enjoined by this Court.

25.     Unless a permanent injunction is issued enjoining the Fujitsu Defendants and their agents, servants, employees, representatives, affiliates, and all others acting or

5

in active concert therewith from infringing the '287 patent, LED Tech will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

LED Tech prays for the following relief:

1. A judgment that the Fujitsu Defendants have infringed one or more claims of the '661, '119, and '287 patents;

2. A permanent injunction enjoining the Fujitsu Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringing either of the '661, '119, and '287 patents;

3. An award of damages resulting from the Fujitsu Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

4. A judgment and order requiring the Fujitsu Defendants to provide an accounting and to pay supplemental damages to LED Tech, including, without limitation, prejudgment and post-judgment interest; and

5. Any and all other relief to which LED Tech may show itself to be entitled.

## JURY TRIAL DEMANDED

LED Tech hereby demands a trial by jury of all issues so triable.

| | |
|---|---|
| November 9, 2012 | BAYARD, P.A. |
| OF COUNSEL: | /s/ Richard D. Kirk<br>Richard D. Kirk (rk0922) |
| Marc A. Fenster<br>Daniel P. Hipskind<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard 12th Floor<br>Los Angeles, California 90025<br>mfenster@rawklaw.com<br>dhipskind@raklaw.com<br>(310) 826-7474 | Stephen B. Brauerman (sb4952)<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801<br>(302) 655-5000<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br><br>*Attorneys for Plaintiff,*<br>*LED Tech Development, LLC* |