UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LED TECH DEVELOPMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FUJITSU AMERICA, INC. and FUJITSU LTD.<br><br>Defendants. | ) | Civil Action No. 12-1443-SLR<br><br>JURY TRIAL DEMANDED |

**DEFENDANT FUJITSU AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Fujitsu America, Inc. ("Fujitsu America"), for its Answer to Plaintiff's Complaint for Patent Infringement ("Plaintiff's Complaint" or the "Complaint"), admits, denies, and alleges as follows:

**PARTIES**

1. Fujitsu America is without sufficient knowledge or information to admit or deny the allegations of Paragraph 1, and therefore denies them.

2. Fujitsu America admits the allegations in Paragraph 2.

3. In response to Paragraph 3, Fujitsu America admits that Defendant Fujitsu Ltd. is a Japanese company with a principal place of business at Shiodome City Center, 1-5-2 Higashi-Shimbashi, Minato-Ku, Tokyo 105-7123, Japan. Fujitsu America denies the remaining allegations of Paragraph 3.

**JURISDICTION AND VENUE**

4. In response to Paragraph 4 of Plaintiff's Complaint, Fujitsu America admits that

Plaintiff purports to allege a claim for patent infringement under Title 35 of the United States Code. Fujitsu America denies the remaining allegations of this paragraph.

5. In response to Paragraph 5 of Plaintiff's Complaint, Fujitsu America admits that Fujitsu America is subject to the personal jurisdiction of this Court. Fujitsu America denies the remaining allegations of this paragraph.

6. In response to Paragraph 6 of Plaintiff's Complaint, Fujitsu America is without knowledge or information to admit or deny any of the allegations in Paragraph 6, including whether this Court has personal jurisdiction of Defendant Fujitsu Ltd. Accordingly, the allegations in Paragraph 6 are denied.

7. In response to Paragraph 7 of Plaintiff's Complaint, Fujitsu America admits that venue is technically proper with respect to Fujitsu America but denies, pursuant to 28 U.S.C. § 1404 *et seq.*, that this District is the most convenient forum for the parties and witnesses, and accordingly reserves its rights to seek transfer of venue pursuant to 28 U.S.C. § 1404(a). Fujitsu America denies the remaining allegations in Paragraph 7, including the allegation that it has committed acts of patent infringement in this District.

## FACTUAL BACKGROUND

8. In response to Paragraph 8 of Plaintiff's Complaint, Fujitsu America admits that Exhibit A to the Complaint purports to be a copy of U.S. Patent Number 6,095,661 (the "'661 Patent"), which is entitled "Method and Apparatus for an L.E.D. Flashlight" and which was issued on August 1, 2000. Fujitsu America is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 8, and therefore denies them.

9. In response to Paragraph 9 of Plaintiff's Complaint, Fujitsu America admits that Exhibit B to the Complaint purports to be a copy of U.S. Patent Number 7,393,119 (the "'119

Patent"), which is entitled "Method and Apparatus for Constant Light Output Pulsed L.E.D. Illumination" and which was issued on July 1, 2008. Fujitsu America is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 9, and therefore denies them.

10. In response to Paragraph 10 of Plaintiff's Complaint, Fujitsu America admits that Exhibit C to the Complaint purports to be a copy of U.S. Patent Number 6,808,287 (the "'287 Patent"), which is entitled "Method and Apparatus for a Pulsed L.E.D. Illumination Source" and which was issued on October 26, 2004. Fujitsu America is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 10, and therefore denies them.

**COUNT I**
**(Alleged Infringement of the '661 Patent)**

11. Fujitsu America denies the allegations of Paragraph 11 of the Complaint.

12. Paragraph 12 contains no factual allegations for which a response is required. To the extent a response is deemed to be required, Fujitsu America denies the allegations of Paragraph 12 of the Complaint.

13. Fujitsu America denies the allegations of Paragraph 13 of the Complaint.

14. Fujitsu America denies the allegations of Paragraph 14 of the Complaint.

15. Fujitsu America denies the allegations of Paragraph 15 of the Complaint.

**COUNT II**
**(Alleged Infringement of the '119 Patent)**

16. Fujitsu America denies the allegations of Paragraph 16 of the Complaint.

17. Paragraph 17 contains no factual allegations for which a response is required. To the extent a response is deemed to be required, Fujitsu America denies the allegations of Paragraph 17 of the Complaint.

18. Fujitsu America denies the allegations of Paragraph 18 of the Complaint.

19. Fujitsu America denies the allegations of Paragraph 19 of the Complaint.

20. Fujitsu America denies the allegations of Paragraph 20 of the Complaint

**COUNT III**
**(Alleged Infringement of the '287 Patent)**

21. Fujitsu America denies the allegations of Paragraph 21 of the Complaint.

22. Paragraph 22 contains no factual allegations for which a response is required. To the extent a response is deemed to be required, Fujitsu America denies the allegations of Paragraph 22 of the Complaint.

23. Fujitsu America denies the allegations of Paragraph 23 of the Complaint.

24. Fujitsu America denies the allegations of Paragraph 24 of the Complaint.

25. Fujitsu America denies the allegations of Paragraph 25 of the Complaint

**PRAYER FOR RELIEF**

Fujitsu America further denies that Plaintiff is entitled to any of the relief sought in the Plaintiff's Prayer for Relief.

**DEMAND FOR JURY TRIAL**

Fujitsu America admits that Plaintiff has requested a trial by jury.

**ADDITIONAL AND AFFIRMATIVE DEFENSES**

Fujitsu America asserts the following defenses to the causes of action asserted in Plaintiff's Complaint, undertaking to prove only those defenses on which it bears the burden of proof under applicable law:

1. Plaintiff's Complaint fails to state a claim on which relief can be granted.

2. Fujitsu America has not infringed and does not infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '661 Patent, the '119 Patent, and/or the '287 Patent (collectively, the "patents-in-suit").

3. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches and estoppel.

4. The patents-in-suit, and each claim thereof, are invalid for failing to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

5. If the Plaintiff is entitled to damages, which is expressly denied, those damages are limited by 35 U.S.C. § 287.

6. Plaintiff's recovery for alleged infringement of the patents-in-suit, if any, is limited to any proved infringement committed no more than six years prior to the filing of its Complaint pursuant to 35 U.S.C. § 286.

7. Plaintiff is not entitled to injunctive relief, as, at a minimum, it has no irreparable injury and it has an adequate remedy at law for Fujitsu America's alleged infringement.

8. Fujitsu America reserves the right to add to or amend this list of Affirmative Defenses with additional defenses based upon further investigation including, but not limited to, defenses that may be revealed through discovery.

**WHEREFORE**, Fujitsu America, Inc. prays that Plaintiff's Complaint be dismissed with prejudice; that judgment be entered in favor of Fujitsu America; and that the Court award Fujitsu America its costs, fees, and expenses to the extent allowed by law.

## COUNTERCLAIMS

Fujitsu America, Inc., for its Counterclaims against Plaintiff, alleges as follows:

## PARTIES

1. Fujitsu America is a California corporation organized and existing under the laws of the State of California with a principal place of business at 1250 East Arques Avenue, Sunnyvale, California 94085.

2. On information and belief, Plaintiff LED Tech Development, LLC is a Delaware corporation with a principal place of business located at 719 West Front St., Suite 242, Tyler, Texas 75702.

## JURISDICTION AND VENUE

3. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

4. Venue is technically proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

5. Plaintiff has asserted that Fujitsu America infringes the patents-in-suit, which Fujitsu America has denied. Accordingly, an actual controversy exists between Fujitsu America and Plaintiff over alleged infringement, invalidity and unenforceability of the patents-in-suit.

## FIRST COUNTERCLAIM – NON-INFRINGEMENT OF THE '661 PATENT

6. Fujitsu America incorporates and realleges the Counterclaim paragraphs above as though fully set forth herein.

7. Fujitsu America has not infringed and does not infringe any valid, enforceable claim of the '661 Patent, either literally or under the doctrine of equivalents.

8. Fujitsu America seeks a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '661 Patent, either literally or under the doctrine of equivalents.

**SECOND COUNTERCLAIM – INVALIDITY OF THE '661 PATENT**

9. Fujitsu America incorporates and realleges the Counterclaim paragraphs above as though fully set forth herein.

10. The '661 Patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

11. Fujitsu America therefore seeks a declaratory judgment that each claim of the '661 Patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*

**THIRD COUNTERCLAIM – NON-INFRINGEMENT OF THE '119 PATENT**

12. Fujitsu America incorporates and realleges the Counterclaim paragraphs above as though fully set forth herein.

13. Fujitsu America has not infringed and does not infringe any valid, enforceable claim of the '119 Patent, either literally or under the doctrine of equivalents.

14. Fujitsu America seeks a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '119 Patent, either literally or under the doctrine of equivalents.

**FOURTH COUNTERCLAIM – INVALIDITY OF THE '119 PATENT**

15. Fujitsu America incorporates and realleges the Counterclaim paragraphs above as though fully set forth herein.

16. The ‘119 Patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

17. Fujitsu America therefore seeks a declaratory judgment that each claim of the ‘119 Patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*

**FIFTH COUNTERCLAIM – NON-INFRINGEMENT OF THE ‘287 PATENT**

18. Fujitsu America incorporates and realleges the Counterclaim paragraphs above as though fully set forth herein.

19. Fujitsu America has not infringed and does not infringe any valid, enforceable claim of the ‘287 Patent, either literally or under the doctrine of equivalents.

20. Fujitsu America seeks a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the ‘287 Patent, either literally or under the doctrine of equivalents.

**SIXTH COUNTERCLAIM – INVALIDITY OF THE ‘287 PATENT**

21. Fujitsu America incorporates and realleges the Counterclaim paragraphs above as though fully set forth herein.

22. The ‘287 Patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

23. Fujitsu America therefore seeks a declaratory judgment that each claim of the ‘287 Patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*

## PRAYER FOR RELIEF

Fujitsu America respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. An order and judgment declaring that Fujitsu America does not infringe any claim of the '661 Patent;

b. An order and judgment declaring that the claims of the '661 Patent are invalid and/or unenforceable;

c. An order and judgment declaring that Fujitsu America does not infringe any claim of the '119 Patent;

d. An order and judgment declaring that the claims of the '119 Patent are invalid and/or unenforceable;

e. An order and judgment declaring that Fujitsu America does not infringe any claim of the '287 Patent;

f. An order and judgment declaring that the claims of the '287 Patent are invalid and/or unenforceable;

g. Dismissal of the Complaint with prejudice;

h. An order declaring this case exceptional and awarding Fujitsu America its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

i. Any other relief that the Court may deem appropriate and just under the circumstances.

Respectfully submitted,

*/s/ Eve H. Ormerod*________________
Eve H. Ormerod (#5369)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Phone: (302) 661-7000
ormerode@gtlaw.com

*Attorneys for Defendant Fujitsu America, Inc.*

Of counsel:

James J. DeCarlo, Esq.
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Phone: (212) 801-2198

Dated: January 25, 2013

*NY 242744279v3*